**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MARY JANE GROSS and**
**TERRY GROSS,**

    **Plaintiffs,**       **CIVIL ACTION NO. 12-CV-15268**

  **vs.**

             **DISTRICT JUDGE VICTORIA A. ROBERTS**

**CITY OF DEARBORN HEIGHTS,**  **MAGISTRATE JUDGE MONA K. MAJZOUB**
**NICHOLAS SZOPKO, CPL. PELLERITO,**
**MICHAEL FRASER, and SGT.**
**BEEDLE-PEER,**

    **Defendants.**
_____/

**ORDER DENYING PLAINTIFFS' AMENDED MOTION TO COMPEL DISCOVERY**
**(DOCKET NO. 8)**

Plaintiffs filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Wayne County

Circuit Court on November 8, 2012.  The complaint alleges that the individual Defendants violated

Plaintiffs' rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the

United States Constitution during an unlawful arrest.  (Docket no. 1).  Plaintiffs also asserted

allegations of municipal liability against the City of Dearborn Heights.  Defendants removed the

lawsuit to this Court on November 29, 2012.  (Docket no. 1).  On April 30, 2013 Plaintiffs filed an

amended complaint naming an additional Defendant.  (Docket no. 13).

Presently before the Court is the amended motion to compel discovery filed by Plaintiffs on

March 26, 2013.  (Docket no. 8).  Defendants City of Dearborn Heights, Nicholas Szopko, Cpl.

Pellerito, and Michael Fraser filed a response.  (Docket no. 11).  Plaintiffs filed a reply.  (Docket no.

12).  The parties filed a Joint Statement of Resolved and Unresolved Issues.  (Docket no. 16).  The

motion has been referred to the undersigned for action.  (Docket no. 9).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f).  Plaintiffs' motion is now ready for ruling.

Plaintiffs state that they sent discovery requests to Defendants City of Dearborn Heights, Nicholas Szopko, Cpl. Pellerito, and Michael Fraser with the complaint.  (Docket no. 8).  They claim that Defendants objected to virtually every discovery request and produced no records.  The Joint Statement of Resolved and Unresolved Issues indicates that the parties disagreed over Defendants' responses to Plaintiffs' Interrogatories and Request to Produce nos. 5, 6, 8, 9, 17, 18, 19, 20, 21, 29, 30, 31, 32, and 32 (second number 32).  (Docket no. 16).  The Joint Statement further reveals that the parties resolved their issues concerning items 5, 6, 8, 9, 17, 18, 19, 20, 21, 30, and the first number 32.  Accordingly, the only issues left to be resolved are those pertaining to Plaintiffs' Interrogatories and Request to Produce nos. 29, 31, and the second number 32.

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1).  However, the scope of discovery is not unlimited and is left to the sound discretion of the trial court.  *Lavado v. Keohane,* 992 F.2d 601, 604 (6th Cir. 1993) (citation omitted).  Rule 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."  *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998).

Federal Rules of Civil Procedure 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34.  A party receiving these types of discovery requests has thirty days to respond with answers or objections.

Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A).  If the receiving party fails to respond to properly served interrogatories under Rule 33 or a request to produce under Rule 34, the party who sent the discovery may file a motion to compel responses under Rule 37.  Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv).

Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Fed.R.Civ.P. 26(d)(1).

Plaintiffs' discovery requests were made to Defendants when their complaint was filed in the Wayne County Circuit Court, before the complaint was removed to this Court and before it was served on Defendants.  Defendants were served with a copy of the summons and complaint on November 8, 2012.  (Docket no. 1).  They removed the complaint to this Court on November 29, 2012.  On December 28, 2012, the parties filed a Rule 26(f) discovery plan which states that Plaintiffs served interrogatories and requests with their complaint.  (Docket no. 5).  The discovery plan does not state that Defendants stipulated to the early discovery or agreed to be bound by the Federal Rules in responding to the premature requests.  Nor is there any indication that Plaintiffs filed a motion for expedited discovery or obtained a court order permitting the early discovery.

Defendants did not respond or object to the discovery requests until March 6, 2013, approximately four months after the requests were made.  (Docket no. 8, ex. 1).  The May 1, 2013 Joint Statement states that Defendants agreed to provide certain documents and records in response to the requests within twenty-eight days.  (Docket no. 16).  Defendants' actions indicate that they agreed to cooperate in the exchange of the sought after information on an informal basis outside of

the response time dictated by the Federal Rules.  Plaintiffs now seek to rely upon the Federal Rules to formerly compel responses to discovery requests that were made in violation of those Rules.

On July 31, 2013 Plaintiffs filed a second motion to compel discovery in which they renewed their request for an order compelling responses to Plaintiffs' Interrogatories and Request to Produce nos. 29, 31, and the second number 32.  In addition, Plaintiffs seek an order compelling responses to requests made in Plaintiffs' Second Interrogatories and Requests to Produce.  (Docket no. 22). The Court will address Plaintiffs' second motion in a separate order.  However, the Joint Statement of Resolved and Unresolved Issues filed in relation to Plaintiffs' second motion to compel states that Plaintiffs drop their request for further responses as to their first discovery requests.  (Docket no. 31). Plaintiffs have not withdrawn their first motion to compel.  When the Court ordered the parties to file an updated Joint Statement with respect to Plaintiffs' first motion to compel, they failed to do so.  Thus, even if Plaintiffs' first discovery requests were not premature, which they are, it appears that Plaintiffs no longer seek an order compelling further responses.

The Court finds that Plaintiffs' Interrogatories and Requests to Produce were made prematurely in violation of Federal Rule 26(d)(1).  Accordingly, the Court will deny Plaintiffs' motion to compel.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to compel discovery (docket no. 8) is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 29, 2013                    s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 29, 2013                    s/ Lisa C. Bartlett
                                           Case Manager