**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MARY JANE GROSS and**
**TERRY GROSS,**

       **Plaintiffs,**           **CIVIL ACTION NO. 12-CV-15268**

    **vs.**

                                          **DISTRICT JUDGE VICTORIA A. ROBERTS**

**CITY OF DEARBORN HEIGHTS,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**NICHOLAS SZOPKO, CPL. PELLERITO,**
**MICHAEL FRASER, and SGT.**
**BEEDLE-PEER,**

       **Defendants.**
_____/

**ORDER GRANTING IN PART PLAINTIFFS' SECOND MOTION TO COMPEL**
**DISCOVERY (DOCKET NO. 22)**

This matter comes before the Court on Plaintiffs' second motion to compel discovery. (Docket no. 22). Defendants filed a response. (Docket no. 25). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 31). The motion has been referred to the undersigned for action. (Docket no. 24). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). Plaintiffs' motion is now ready for ruling.

Plaintiffs brought this lawsuit against Defendant officers and the City of Dearborn Heights pursuant to 42 U.S.C. § 1983. The incident underlying Plaintiffs' complaint occurred on or after August 10, 2012. (Docket no. 13). Plaintiffs allege that Defendant officers pushed into Plaintiffs' home, forced the head of Plaintiff Mary Gross into silverware on the kitchen counter and smashed her knee against kitchen cupboards as they were handcuffing her, then handcuffed her so tightly that she lost circulation in her hands. Plaintiffs also allege that the Defendant officers caused a serious

1

back injury to Plaintiff Mary Gross. They contend in relevant part that the amount of force used against Plaintiff Mary Gross was excessive. In the amended complaint, Plaintiffs allege violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution stemming from the incident. (Docket no. 13). Plaintiffs also raise allegations of municipal liability against the City of Dearborn Heights, alleging that the City failed to train individual officers, established customs or policies which permitted the individual Defendants to violate Plaintiffs' constitutional rights and deny medical treatment, and condoned the conduct of the individual officers. (Docket no.13).

Plaintiffs served their Second Interrogatories and Requests to Produce to Defendants, seeking responses to one interrogatory and nine requests to produce. They show that Defendants served written responses and objections to the requests on June 25, 2013. (Docket no. 22, ex. 2). In addition, Plaintiffs noticed the depositions of seven individuals whom they state are either Defendants or Defendants' employees. The depositions were scheduled to occur between July 9, 2013 and August 14, 2013. (Docket no. 22, ex. 3). Plaintiffs argue that Defendants objected to virtually every discovery request and produced only two of the seven individuals for deposition. They seek an order compelling discovery. The Joint Statement reveals that the parties have been unable to resolve their dispute with respect to Plaintiffs' Second Interrogatories and Requests to Produce nos. 2, 3, 5, 6, 7, and 9. The Joint Statement also states that Defendants have been unwilling to produce Chief Gavin for deposition.

Request no. 2 asks Defendants to produce all use of force reports from Jan. 1, 2008 to the present. Request no. 3 asks for any and all complaints, investigations and discipline involving use of force and/or excessive force from Jan. 1, 2008 to the present. Request no. 5 asks Defendants to

produce any and all misconduct reports, charge sheets, commander action notations, citizens complaints, internal affairs investigations, ombudsman investigations concerning use of force and/or excessive force.  Plaintiffs state they are willing to limit Request no. 5 to the timeframe starting January 1, 2008.  Request no. 6 requests records of all training related to use of force and/or excessive force.  Request no. 7 seeks a complete and legible copy of the internal investigation file involving any other officers accused of improper use of force and/or excessive force within the past five years.  Request no. 9 asks Defendants to provide a complete and legible copy of all internal affairs investigations and all citizen complaint investigations, from 2007 to present, where it is alleged that the Dearborn Heights Police Department improperly used force and/or excessive force.

Defendants asserted the identical objection to each of the above requests, objecting on the grounds that the requests are overly broad and burdensome and because they are not reasonably calculated to lead to the discovery of admissible evidence.  In the Joint Statement, Defendants reasserted their objections that the requests are overly broad and unduly burdensome, and stated that the requests will require Defendants to review the personnel files and records of approximately 125 current employees and all former employees of the Dearborn Heights Police Department. Defendants did not object to any of the requests on the basis of privilege.  Plaintiffs argue that their requests are relevant to their § 1983 custom, policy and practice claim against the City of Dearborn Heights.

Plaintiffs have alleged that the City of Dearborn Heights established or condoned a custom, policy or practice under which its police officers were permitted to violate Plaintiffs' constitutional rights.  Plaintiffs are therefore entitled to documents relevant to the issue of whether Defendant City established or condoned a custom, practice, or policy of condoning excess force.  And, while not

3

entirely clear from the amended complaint, Plaintiffs state that they are also claiming that the Defendant City failed to monitor the use of force. (Joint Statement at 2). Therefore, the Court will give Plaintiffs some latitude in their requests for use of force, as opposed to excess force, information. Accordingly, the Court finds that Plaintiffs requests seek relevant information and will order Defendants to produce documents responsive to Request nos. 2, 3, 5, 6, 7 and 9 for the dates January 1, 2008 to the present.

Next, Plaintiffs argue in their motion that Defendants have not produced Defendant Beedle-Peer, Defendant Szopko, Officer Oblak, Corporal Smith, and Corporal Chicon for deposition. The Joint Statement states only that Defendants have refused to produce Chief Gavin for deposition. Plaintiffs have not shown that they noticed the deposition of Chief Gavin. Thus, the Court will not compel his deposition. The Court will order Defendants to produce Defendant Beedle-Peer, Defendant Szopko, Officer Oblak, Corporal Smith, and Corporal Chicon for deposition if these depositions have not yet been completed.

**IT IS THEREFORE ORDERED** that Plaintiffs' second motion to compel discovery (docket no. 22) is **GRANTED IN PART AND DENIED IN PART** as follows:

A. On or before November 14, 2013 Defendants must produce documents they have within their possession, custody or control that are responsive to Plaintiffs' Second Interrogatories and Requests to Produce nos. 2, 3, 5, 6, 7, and 9 as provided in this order.

B. To the extent they have not already done so, Defendants must produce Defendant Beedle-Peer, Defendant Szopko, Officer Oblak, Corporal Smith, and Corporal Chicon for deposition at a time and place convenient to the parties. The depositions must be completed no later than

November 30, 2013.

C.  In all other respects, including Plaintiffs' request to compel the deposition of Chief Gavin, Plaintiffs' motion is denied.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 29, 2013          s/ Mon a K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: October 29, 2013          s/ Lisa C. Bartlett
                                 Case Manager

5