UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY JANE GROSS and
TERRY GROSS,

       Plaintiffs,

v.                                                        Case Number: 12-15268
                                                          Honorable Victoria A. Roberts

CITY OF DEARBORN HEIGHTS, et al.,

       Defendants.
_____/

## ORDER OVERRULING PLAINTIFFS' OBJECTION

       This matter is before the Court on "Plaintiffs' Objection to Magistrate's Report Regarding Plaintiffs' Second Motion to Compel Discovery."  (Doc. # 39)

       On July 31, 2013, Plaintiffs filed their Second Motion to Compel Discovery.  (Doc. # 22).  Among other things, Plaintiffs asked the Court to compel the deposition of Lee Gavin, Dearborn Heights' Chief of Police.  The Court referred Plaintiffs' motion to Magistrate Judge Mona K. Majzoub under 28 U.S.C. § 636(b)(1)(A).

       Magistrate Judge Majzoub entered an Order granting in part and denying in part Plaintiffs' motion.  (Doc. # 37).  Specifically, she held that "the Court will not compel [Chief Gavin's] deposition" because "Plaintiffs have not shown that they noticed [his] deposition."  On November 12, 2013, Plaintiffs filed a timely objection to Magistrate Judge Majzoub's Order.

       The Court reviews timely objections to a magistrate judge's order on a non-dispositive matter to determine whether the decision was "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 603 (6th

Cir. 2001).

Plaintiffs say they are entitled to liberal discovery; they argue that because Chief Gavin's testimony is relevant to their § 1983 municipal liability claims, the Magistrate Judge's Order "is counter to justice and fairness."  Moreover, Plaintiffs say "there is no just reason for denying [their] request for Gavin's deposition."  Plaintiffs ask the Court to compel Chief Gavin's deposition.

Defendants cite to Fed. R. Civ. P. 30(b) and argue the Court should overrule Plaintiffs' objection.  Rule 30(b) provides that:

> A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition...

Defendants say that because Plaintiffs failed to notice the deposition of Chief Gavin, Magistrate Judge Majzoub's Order is not "clearly erroneous" or "contrary to law."

The Court agrees.  Rule 30(b) unambiguously requires a party to provide written notice of a deposition stating its time and place.  Plaintiffs fail to show they issued such a notice.  Thus, the Magistrate Judge's Order is not clearly erroneous or contrary to law.

The Court **OVERRULES** Plaintiffs' Objections and **DENIES** their request to compel the deposition of Chief Gavin.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  December 9, 2013

2

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 9, 2013.

S/Linda Vertriest
Deputy Clerk